UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PIONEER LOG HOMES
OF BRITISH COLUMBIA, LTD.,

        Plaintiff,

  v.

        Case No. 21-cv-1029-pp

RUSTIC RETREATS LOG HOMES, INC.,
and JOHN LESZCZYNSKI,

        Defendants.

---

**ORDER DECLINING TO PROVIDE INDIVIDUAL DEFENDANT LESZCZYNSKI WITH LEGAL ADVICE AS REQUESTED IN HIS OCTOBER 6, 2021 LETTER (DKT. NO. 7) AND ADVISING LESZCZYNSKI THAT THE CORPORATE DEFENDANT MUST BE REPRESENTED BY COUNSEL**

---

On September 2, 2021, the plaintiff sued Rustic Retreats Log Homes, Inc. and John Leszczynski for trademark infringement, unfair competition and false advertising under the federal Lanham Act, as well as common law trademark infringement and unfair competition, breach of contract and unjust enrichment. Dkt. No. 1.

Twelve days after the plaintiff filed the lawsuit—on September 14, 2021—counsel for the plaintiff requested that the court issue a summons to both the corporate defendant and individual defendant Leszczynski. Dkt. No. 6. The clerk's office issued the summons the next day.

On October 8, 2021, the court received a letter from Leszczynski, who is representing himself. Dkt. No. 7. The letter was addressed to the clerk of court.

1

Id. Leszczyski stated that on September 2, 2021, he had received a copy of the complaint, the civil cover sheet, a notice of the lawsuit and a request to waive service of summons, as well as "an additional waiver." Id. Leszczynski said that reading the waiver form led him "to believe if [he] signed the waiver within 30 days [he] would avoid Service of Summons and that expense, as well as an extended period to answer the complaint." Id. Leszczynski indicated that on September 14, 2021, he "replied to the Plaintiffs attorney" and explained that he planned to sign the waiver. Id. But Leszczynski stated that the next day—September 15, 2021—he was served with a summons. Id. Leszczynski asserted that "[w]aivers were signed and received prior to the 30 day time frame, and [plaintiff's counsel] acknowledged receiving the Waivers." Id. He stated that he was uncertain "as to which governs the timeframe for answering the Complaint, the signed Waiver form or the Summons?" Id. He indicated that the plaintiff's counsel "is relying on the 21 days after service of the Summons." Id. Leszczynski said that he believed that he ought to have sixty days from September 2, 2021—the day he received the complaint and the waivers—to answer the complaint. Id. The letter said that Leszczynski was working on his answer, and that unless the court told him otherwise, he planned to "file [his] answer within the time frames allowed, after the Waiver has been filed with the court." Id. He signed the letter, "John Leszczynski, President Rustic Retreats Log Homes Inc." Id.

  Leszczynski attached nine pages of documents to the letter. Dkt. No. 7-1. He attached a blank Waiver of the Service of Summons. Dkt. No. 7-1 at 9. That

2

document—one of this court's forms—indicated that whoever signed it understood that he must answer or otherwise respond within sixty (60) days from September 2, 2021. Id. Leszczynski also attached the Notice of A Lawsuit and Request to Waive Service of a Summons (another of this court's forms), signed by the plaintiff's attorney and dated September 2, 2021. Id. at 8. That document explained what a request to waive service was, and indicated that to avoid expenses, the person receiving the notice must sign the waiver of service of summons within thirty (30) days from the date on the notice—September 2, 2021 (in other words, by October 2, 2021). Id. It also indicated that if the person who received the notice did not return the signed waiver "within the time indicated," the plaintiff's counsel would arrange to have the summons and complaint served on that person and would ask the court to "require you, or the entity you represent, to pay the expenses of making service." Id.

Finally, Leszczynski attached a chain of emails. Id. at 1-7. The chain started when, at 3:47 p.m. on September 2, 2021, the plaintiff's attorney emailed two attorneys at the Husch Blackwell law firm, asking if they would accept service of the attached complaint and civil cover sheet. Id. at 2. One of those attorneys responded that the Husch Blackwell firm was not representing either the corporate defendant or Leszczynski and thus would not be accepting service. Id. The plaintiff's counsel responded, "Just to confirm: I understand that you have forward forwarded the complaint and the waiver of service forms, so that those materials have now been received by Mr. Leszczynski and Rustic Retreats. Please let me know if my understanding is incorrect. Absent further

3

information, we will expect to hear back from them, or from other counsel on their behalf, by the relevant deadline." Id. at 1. It appears that the lawyer from Husch Blackwell forwarded that message to Leszczynski about two minutes after she received it. Id.

The next email is dated September 14, 2021, apparently from Leszczynski to the plaintiff's counsel. Id. at 3. Leszczynski stated that "[e]ven though my attorney informed you on September 2, 2021 that she '*will not be able to accept service of these papers on their behalf.*' It seems, in your follow-up email you ignored this comment and did not plan to contact me directly . . . . To avoid confusion I plan to sign the waiver." Id.

On September 21, 2021 at 10:41 a.m., Leszczynski emailed plaintiff's counsel, stating, "As I mentioned in my email from September 14, your request to waive service of summons (9/2/2021) has been mailed out, prior to the 30 days allowed. I plan to use the 60 days allowed from the time you file the waiver. Please reply to this email so I know you received it." Id. At 5:30 p.m. that day, the plaintiff's counsel responded, "I acknowledge receipt of your email. We will review any paperwork you may have sent or may yet send." Id. at 5.

On September 27, 2021, Leszczynski emailed the plaintiff's counsel, asking for confirmation of receipt of the signed waiver and confirmation of "waiver filing date." Id. The following day—September 28, 2021—the plaintiff's counsel responded:

> This email confirms receipt of the signed waiver of service for Rustic Retreats Log Homes, Inc. as a corporate defendant, signed by you in

4

your capacity as President of the corporation, and returned to my attention in an envelope postmarked on September 21, 2021. We did not receive a signed waiver of service for you as an individual defendant.

However, the attached affidavits of service confirm that personal service was effectuated on you as a personal defendant and on Rustic Retreats Log Homes, Inc. as a corporate defendant, through you as corporate representative, both at your home address before business hours on September 21, 2021. Those affidavits indicate personal service was complete prior to the time you first indicated to me via email that you had signed and would return the waiver of service.

Given these circumstances, I cannot, on behalf of Pioneer Log Homes of British Columbia, Ltd., state that my client will accept as valid or effective the waiver of service for Rustic Retreats Log Homes, Inc. as a corporate defendant, given that it does not appear to have been executed or returned prior to personal service upon you in your capacity as President of the corporation.

Additionally, and separate from the issues of service upon Rustic Retreats Log Homes, Inc., I reiterate that the waiver of service form sent to you as an individual defendant was not returned. Accordingly, that waiver form is no longer operative, as personal service upon you has been effectuated.

Id. at 6.

The next day—September 29, 2021—Leszczynski emailed the plaintiff's counsel, stating, "Please confirm receipt of the waiver form that I personally signed within the 30 days allowed." Id. at 7. On September 30, 2021, the plaintiff's counsel responded:

I confirm receipt of the emailed pdf of the waiver of service for you as a personal defendant, sent on Wednesday, September 29, more than eight full calendar days after personal service was effectuated. I have not yet received copy by mail.

As noted in my prior email, Pioneer Log Homes of British Columbia, Ltd. does not concede that waivers signed after personal service has been completed have the effect of delaying the response deadline based upon the proper effectuation of personal service.

5

Id.

Finally, on October 1, 2021, Leszczynski emailed the plaintiff's counsel" "I think if you go back and read the language in your waiver it states I have 30 days. That 30 days was not conditional. I will wait to hear back from you and the court after you file the waivers." Id.

As of the date of this order, the plaintiff has not filed executed waivers of service or any certifications attesting to service of the summons and complaint.

Leszczynski acknowledged in his October 6, 2021 letter that he had spoken to someone in the clerk's office and that he knew that she could not give him legal advice. Dkt. No. 7. No one from the clerk's office—including the Clerk of Court herself, Gina Colletti—can give Leszczynski legal advice. Nor can the court give him legal advice. In the context of the documents Leszczynski filed, his question—"I am now uncertain as to which governs the timeframe for answering the Complaint, the signed Waiver form or the Summons?"—is a request for resolution of a legal issue. It appears that Leszczynski and counsel for the plaintiff may disagree with each other about what triggered Leszczynski's deadline for responding to the complaint. That is a legal question. The clerk's office cannot answer that question. This court cannot opine on the answer to that legal question unless a formal dispute arises that involves the issue. The way such a dispute normally would arise is that the plaintiff would file a request for default, alleging that Leszczynski had not timely answered or responded to the complaint. But the plaintiff has not filed a request for default.

6

Case 2:21-cv-01029-PP   Filed 10/21/21   Page 6 of 8   Document 8

The court understands that at this point, Leszczynski is representing himself. It also understands that non-lawyers can find the complexities of federal civil litigation bewildering and confusing. But while the Supreme Court has held that documents filed *pro se* must be "liberally construed," Erickson v. Pardus, 551 U.S. 89, 94 (2007), and while the Seventh Circuit Court of Appeals has "long recognized that pro se litigants must be afforded 'leniency . . . on procedural matters,'" Otis v. Demarasse, 886 F.3d 639, 644 (7th Cir. 2018) (quoting Lovelace v. Dall, 820 F.2d 223, 228 (7th Cir. 1987)), that leniency does not include resolving disputes that have not yet ripened or giving *pro se* litigants advice about how to handle disputes with represented parties. The court cannot answer Leszczynski's question.

That brings the court to a second issue. Leszczynski is representing himself in the case, which he has a statutory right to do. 28 U.S.C. §1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). But even though he is president of Rustic Retreats Log Homes, Inc., Leszczynski cannot represent that *corporate* defendant. "Corporations unlike human beings are not permitted to litigate pro se." In re IFC Credit Corp., 663 F.3d 315, 318 (7th Cir. 2011) (citations omitted). "A corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court." United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008) (citations omitted). That is true even if the corporation is a limited liability corporation. Id. at 582. "[T]he

7

right to conduct business in [the form of a limited liability corporation] carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." Id. at 581-82.

Leszczynski may represent himself, but he may not represent Rustic Retreat Log Homes, LLC. The corporate entity must be represented by a lawyer admitted to practice in the federal court for the Eastern District of Wisconsin. The corporation cannot file any documents in federal court—including any answer or response to the complaint—unless it does so through an attorney licensed to practice in this court.

The court **DECLINES** to give individual defendant Leszczynski legal advice as requested in his October 6, 2021 letter. Dkt. No. 7.

The court advises Leszczynski that he cannot represent the corporate defendant, Rustic Retreat Log Homes, LLC, and that entity must be represented by counsel for it to file pleadings or other documents in this lawsuit.

Dated in Milwaukee, Wisconsin this 21st day of October, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
